[Civ. No. 26158. Second Dist., Div. Three. Mar. 6, 1963.]

WALTER O. LINDLEY, Plaintiff and Respondent, v. SAWYER CABINET COMPANY, INC., Defendant and Appellant.

624

Behymer & Hoffman and Gordon Hunt for Defendant and Appellant.

Rafter & Fredricks and Eric Rafter for Plaintiff and Respondent.

SHINN, P. J.—Although denominated an action for declaratory relief and damages for breach of contract this is a simple suit for money and was tried as such. Walter O. Lindley, the only interested plaintiff, recovered judgment of $9,291.90, consisting of three sums, separately earned, as a salesman for Sawyer Cabinet Company. Defendant appeals.

Walter was in the employ of Sawyer from 1948 to November 1957 as a salesman. Under agreement of February 1950 his commissions were at 3½ per cent. By oral agreement of December 1953 the rate was increased to 4½ per cent. By written agreement of March 4, 1957 the rate of commissions was reduced to 3½ per cent. Prior to March 4th Lindley had taken orders in a substantial amount which were accepted by Sawyer. After March 4th he continued to take orders until November 25th when his services for the company were terminated. For the work performed both before and after March 4th he was paid at the rate of 3½ per cent. Certain orders taken before March 4th were not executed by Sawyer until after that date. The question on this phase of the case was whether Lindley was entitled to receive pay at 3½ per cent or 4½ per cent. The court applied the 4½ per cent rate and awarded Lindley an extra 1 per cent which amounted to $6,783.07. We shall first consider this item.

The contract provided: "Commissions shall be considered as earned and be payable only when the customer has paid his account, or, if the account is paid in installments, then upon the installments as and when paid, and the Employer shall pay, on the fifteenth day of the month, for all commissions so earned and payable as of the end of the previous calendar month. This foregoing provision will not be invoked without written notice to employee and in no case will

be retroactive from date of notice.'' It also provided: ''The Employee shall call upon such customers as may be designated by the Employer or as may be developed by the Employee and shall take all measurements required at the job in which the merchandise is to be installed and shall measure same accurately and guarantee the correctness of such measurements. Should Employee make errors in measurements and or details and additional work is required to correct the job, then Employer reserves the right to charge Employee the cost of a portion or all of any additional work required.'' Notwithstanding the provision that commissions were deemed to be earned and payable when the customers paid their accounts Sawyer paid them regularly when the goods were delivered. Defendant's position is that the statement in the agreement that the commissions would be deemed to be earned and payable when the customers paid their accounts, as modified by practice of paying when the goods were delivered, forces the conclusion that the rate obtaining for work brought in after March 4th was applicable to that produced prior thereto. There was no evidence of any discussion of the rate that would be applied to the orders produced by Lindley prior to March 4th. He was paid monthly as goods were delivered at the $3\frac{1}{2}$ per cent rate and while he objected to the reduction to that rate he did not claim he was entitled to an additional 1 per cent until after he had left the company. It would have been helpful for the court to know whether Lindley did the measuring on the jobs obtained prior to March 4th. The evidence was that when he did the measuring he was paid at the $4\frac{1}{2}$ per cent rate and when the lower rate was paid the measuring was being done by other employees. That was the sole reason for the different rates. There was a dearth of evidence upon this point and the court was required to draw inferences from the terms of the contract and the manner in which it was performed. It was a reasonable inference that Lindley rendered the measuring services on the jobs taken before March 4th, and it was undisputed that when he did the measuring he earned commissions at the $4\frac{1}{2}$ per cent rate. The court found ''that many sales negotiated by plaintiff with defendant's customers were never consummated and no materials were ever delivered pursuant thereto.'' It was clearly the intention of the parties that Lindley would be paid only for orders that were filled, and it was a reasonable interpretation of the provision that the commissions would be deemed to be earned as deliveries were made was understood by the

parties to mean only that the amounts of the commissions would be ascertained as the orders were filled. In the absence of an understanding to the contrary, it was reasonable for the court to conclude that Lindley earned his compensation at the rate that was applicable when the orders were brought in and accepted. We cannot say that the court was in error in concluding that Lindley earned the additional sum of $6,783.07.

Defendant contends there are no findings to support the award of this sum. We must agree that the rambling recital of evidentiary facts called findings scarcely deserves that name. It barely touches upon material issues and in some respects fails altogether.

Instead of finding facts which would entitle Lindley to compensation at the rate of 4½ per cent, the court merely stated in the conclusions of law "The contract signed March 4, 1957, did not effect [sic] sales made prior to said date by plaintiff." We construe this as an attempt to state that as to orders obtained by Lindley prior to March 4th, and executed by Sawyer thereafter, Lindley rendered services to which the 4½ per cent rate of commissions was applicable. We believe we can hold the finding to be sufficient without putting undue strain upon the rule of liberality in the interpretation of findings. Therefore, the award of $6,783.07 must stand.

The court awarded plaintiff $2,099.11 under a provision of the contract that he would be entitled to payment at the 4½ per cent rate if he was discharged or if he resigned because of any reduction in the commission rate or bonus agreement. The amount allowed was an extra 1 per cent for Lindley's services after March 4th.

The court found that Lindley was discharged. Defendant says there was no evidence that plaintiff was discharged. Plaintiff replies "The facts of plaintiff's discharge are brought out fully in forty pages of testimony. [R. T. 62-103.]"

When an appellant says there was no evidence whatever to support a finding and the respondent claims there was evidence, he has a duty to inform the court as to the substance of the evidence, if any, and where it is to be found in the record. We read the forty pages we were invited to read and all the remainder of the testimony. The fact brought out is not that Lindley was discharged, but that he resigned because the company found it necessary to eliminate classes of work he had been bringing in, upon which the company was losing money. It had lost $40,000 the previous

year. The company had no desire to lose the services of Lindley. He brought in 40 per cent, or more of the company business, and he knew he could place his business elsewhere and maintain his large earnings. The officers of the company realized that Lindley could better himself by obtaining other employment and offered to help him find another connection. Lindley testified he wanted them to discharge him but that they refused because of the provision of the contract that if he was discharged his commissions would be at the higher rate. He sought and obtained other employment and then sent in a letter of resignation. He expressed the opinion to the court that the company curtailed its volume of work in order to get rid of him. The claim is specious. When the very large contracts which Lindley was procuring were losing money the company could no longer execute them. When it turned to smaller and more selective types of work the business became and remained profitable.

Although Lindley resigned, it was not because of any reduction in the rate of commissions or the bonus agreement. It was because he made a more profitable connection with another company. The finding that he was discharged was without support in the evidence; the allowance of $2,099.11 was in error and the judgment must be reduced in that amount.

■ The next point relates to an addendum to the contract reading: ''Commissions shall be computed at 4½ per cent for months when salesman's earnings are less than $1,000.00'' etc. There was no finding that Lindley ever earned less than $1,000 per month. There is a statement in the recital of the evidence, called findings, reading: ''. . . the provisions of said contract providing for a commission of 4½ per cent during any month in which plaintiff did not earn One Thousand Dollars ($1,000.00) entitled plaintiff to additional compensation of $409.72.''

Lindley did not testify that he ever earned less than $1,000 per month. Plaintiff says in his brief that the trial court was furnished a complete record of Lindley's earnings and from this record ''by application of the formula decided on'' the court could compute the additional earnings at $409.72. No set of figures or exhibit was requested for inclusion in the record on appeal.

The court was required to make a finding whether Lindley earned less than $1,000 in any one month. The conclusion of law we have quoted is inadequate. The set of figures which was in evidence, upon which plaintiff relies, may show that

he was entitled to additional compensation on that account or they may show the contrary. The record on appeal does not support the award of $409.72.

If within ten days of the filing of this opinion a stipulation is filed with the clerk of this court for modification of the judgment, it will be modified in accordance with the stipulation and affirmed as modified, with costs to appellant.

If no stipulation is filed the judgment will be as follows: Insofar as the judgment awards plaintiff $6,783.07 it is affirmed; as to the award of $2,099.11 it is reversed, but not for a new trial or other proceedings; as to the award of $409.72 it is reversed for retrial of that issue alone; appellant to recover costs.

Ford, J., and Files, J., concurred.

On March 18, 1963, the following opinion was rendered:

THE COURT.—Pursuant to stipulation of the parties the judgment is modified to award plaintiff Walter O. Lindley $6,783.07 with interest thereon at the rate of 7 per cent per annum from August 18, 1961, until paid, and costs herein. As so modified it is affirmed; remittitur to issue forthwith. Appellant to recover costs on appeal.